IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| WILLIAM MCCARTY | § | |
| VS. | § | CIVIL ACTION NO. 9:17-CV-182 |
| CHARLES DOUGHERTY, ET AL. | § | |

MEMORANDUM OPINION AND ORDER

Plaintiff, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's third motion to recuse the magistrate judge. Plaintiff has filed a second motion for recusal of the magistrate judge based on the magistrate judge's denial of plaintiff's motion for appointment of counsel and allegations that the magistrate judge knows one of the defendants.

Title 28 U.S.C. § 455 requires a federal judge to disqualify himself in any proceeding in which his impartiality might reasonably be questioned. 28 U.S.C. § 455(a). Disqualification is appropriate if a reasonable person, with knowledge of all the circumstances, would question the court's impartiality. *United States v. Anderson*, 160 F.3d 231, 233 (5th Cir. 1998). In this instance, plaintiff has failed to set forth any facts which would cause an objective observer to question the magistrate judge's impartiality. Thus, the motion to disqualify shall be denied.

Title 28 U.S.C. § 144 allows a party to make and file "a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party . . . ." 28 U.S.C. § 144. In such a case, another judge shall be assigned to hear further proceedings. *Id.* When a §144 motion is filed, the judge must consider the legal sufficiency of the affidavit, but may not resolve factual issues. *Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 483 (5th Cir. 2003); *United States v. Merkt*, 794 F.2d 950, 960 (5th Cir. 1986). An affidavit is legally sufficient if: (1) the facts are material and stated with particularity; (2) the facts, if true, would

convince a reasonable person that bias exists; and (3) the facts show that the bias is personal in nature. *Netsphere, Inc. v. Baron*, 703 F.3d 296, 315 (5th Cir. 2012). Absent surrounding comments or accompanying opinion, judicial rulings alone will rarely constitute a valid basis for a motion to recuse or disqualify. *Liteky v. United States*, 510 U.S. 540, 555 (1994); *Andrade v. Chojnacki*, 338 F.3d 448, 455 (5th Cir. 2003).

Plaintiff's motion to recuse the magistrate judge is not legally sufficient. Plaintiff did not submit an affidavit in support of his motion, and his allegations of bias are not material or stated with particularity. Plaintiff's complaints about judicial rulings are not a valid basis for recusal or disqualification. In this situation, a reasonable person would not be convinced that the magistrate judge is biased. As a result, plaintiff's motion is legally insufficient to require recusal of the magistrate judge. It is therefore

**ORDERED** that plaintiff's third motion for recusal of the magistrate judge (document no. 70) is **DENIED**.

**SIGNED this the 7th day of October, 2020.**

KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE